# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:06-CR-00034-FL-1
NO. 5:11-CV-00572-FL

| | |
|---|---|
| MAURICE ELLIOTT COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This cause comes before the Court upon petitioner Maurice Elliott Cox's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-39). The government seeks to dismiss Cox's motion to vacate as untimely. (DE-44). Cox has responded to the motion to dismiss (DE-45) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Cox's motion to vacate (DE-39) be DENIED and that the motion to dismiss (DE-44) be GRANTED.

I.  **BACKGROUND**

On July 18, 2006, Cox pled guilty without a plea agreement to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE-19). On November 26, 2006, this Court sentenced Cox to 180 months in prison and five years of supervised release in accordance with the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

1

(DE-26, DE-27). Cox filed a notice of appeal (DE-25), and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on January 28, 2008. (DE-37, DE-38). The United States Supreme Court denied Cox's petition for writ of certiorari on May 27, 2008. Cox v. United States, 553 U.S. 1076, 128 S. Ct. 2527 (2008).

On October 18, 2011, Cox filed the instant motion pursuant to 28 U.S.C. § 2255. His sole contention is that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his sentence is erroneous, because at the time of sentencing he did not have three ACCA predicate felony convictions. The government asserts that the motion to vacate is untimely and should be dismissed because Cox did not file the petition within one year of his judgment becoming final.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable

2

conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

With these legal precepts in mind, the undersigned considers Cox's claims.

### III. ANALYSIS

Here, the motion to vacate is untimely. The judgment imposed against Cox became final when the United States Supreme Court denied his petition for writ of certiorari on May 27, 2008. Cox did not file his motion to vacate until October 18, 2011, more than three years after his conviction was final. He nevertheless contends that his motion should be considered timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

4

2255(f)(4). Cox contends that the Fourth Circuit's decision in *Simmons* constitutes a "fact supporting [his] claim," and he therefore asserts that the limitation period for filing his § 2255 motion should toll from that opinion's August 17, 2011issuance date.

This argument has been squarely rejected by this Court, however. *See* United States v. Hardison, Nos. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 U.S. Dist. LEXIS 14802, at *5 (E.D.N.C. Dec. 27, 2011) (concluding that the Fourth Circuit's decision in *Simmons* does not constitute a "fact supporting [a 2255] claim" pursuant to 28 U.S.C. § 2255(f)(4)). Thus, the issuance of *Simmons* may not serve as the starting date for purposes of the one-year statute of limitations.

To the extent that Cox may be seeking relief pursuant to 28 U.S.C. § 2255(f)(3), the Fourth Circuit has now determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, No. 11-6152, 2012 U.S. App. LEXIS 17485 (4th Cir. Aug. 20, 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* at *14. Accordingly, the Fourth Circuit in *Powell* dismissed the § 2255 motion as untimely pursuant to 28 U.S.C. § 2255(f)(3). *Id.* at *15. Thus, 28 U.S.C. § 2255(f)(3) provides no assistance to Cox in this matter.

Finally, Cox argues that the Court should apply equitable tolling to his case. There is no contention of any wrongful conduct on respondent's part. Instead, Cox contends that the Fourth Circuit's decision in *Simmons* dramatically altered controlling circuit precedent and should be

5

viewed as an "extraordinary circumstance" beyond his control, warranting relief. However, equitable tolling is a "rare" remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Here, Cox argues that a change in the law warrants equitable tolling. But certain shifts in the law are inevitable, and Cox's argument merely mimics the position--expressly rejected by the Fourth Circuit in *Powell*--that the change in law announced in *Carachuri-Rosendo* and applied in *Simmons* should be retroactive. While the Fourth Circuit in *Powell* did not explicitly address the issue of equitable tolling, it emphasized the "exceptional situations" in which new legal rules ought to be applied retroactively. Powell, 2012 U.S. App. LEXIS 17485 at *8. To apply equitable tolling based on a mere procedural change in the law that the Fourth Circuit has determined should not be applied retroactively conflicts with the underlying reasoning of *Powell* and amounts to an attempted "run around" the explicit language of 28 U.S.C. § 2255(f)(3). Under these circumstances, equitable tolling should not apply.[1] *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling, despite the government's concession that the petitioner was actually innocent of being a felon in possession of a firearm in light of *Simmons*).

---

1. In so concluding, the undersigned recognizes that one district court judge of this Court has found equitable tolling of untimely petitions appropriate in cases of 2255 prisoners seeking relief pursuant to *Simmons*. *See, e.g.*, Mahorn v. United States, Nos. 5:06-CR-128-BO, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230 (E.D.N.C. Apr. 13, 2012); Bryant v. United States, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 U.S. Dist. LEXIS 47328 (E.D.N.C. Apr. 2, 2012). However, these cases were decided before the Fourth Circuit issued its decision in *Powell*, and the government has filed notices of appeal in these cases. Notably, the district court judge also determined in these cases that *Carachuri-Rosendo* created a new rule retroactively applicable on collateral review. As noted *supra*, this determination has now been expressly rejected by the Fourth Circuit in *Powell*, the likely result being that these cases may be reversed at least in part on appeal.

The undersigned therefore concludes that the motion to vacate is untimely and should be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that Cox's motion to vacate (DE-39) be DENIED and that the motion to dismiss (DE-44) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on August 22, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE