IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-34-FL-1
NO.  5:11-CV-572-FL

MAURICE ELLIOTT COX,                        )
                                            )
                          Petitioner,       )
                                            )
          v.                                )                    ORDER
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                          Respondent.       )

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence (DE # 39).  On April 1, 2012, the government filed a motion

to dismiss (DE #44), arguing that the petition was untimely filed.  The motions were referred to

magistrate judge, and the magistrate judge entered memorandum and recommendation (M&R) on

August 23, 2012, recommending that the motion to vacate be denied and the motion to dismiss be

granted. (DE #46).  However, on August 30, 2012, petitioner filed an objection to the (M&R), and

the government filed a response to the objection, in which the government waived its previously

asserted timeliness defense, states that petitioner's claim is meritorious, and recommends that the

court re-sentence petitioner without application of an armed career criminal enhancement. (DE #

48).

On July 18, 2006, petitioner pleaded guilty to felon in possession of a firearm, in violation

of 18 U.S.C. §§ 922(g)(1) and 924.  The court sentenced petitioner on November 26, 2006, to a term

of 180 months' imprisonment and a five-year period of supervised release, applying the Armed

Career Criminal Act ("ACCA") career offender enhancement set forth in 18 U.S.C. § 924(e).

Judgment was entered November 29, 2006.

Petitioner now argues, and the government agrees, that in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner is no longer eligible for the enhanced sentence contemplated under the ACCA. The government states that petitioner's claim is meritorious, and the court may reach the merits of petitioner's claim because the government has waived its previously asserted untimeliness defense. According to the government, petitioner is subject to a statutory maximum sentence of ten years, and the government suggests that the court order petitioner to be resentenced.

In light of the government's waiver of defenses, filed after the (M&R) was entered, the court REJECTS the recommendation of the magistrate judge (DE #46), GRANTS petitioner's motion to vacate (DE#39), DENIES the government's motion to dismiss (DE #44), VACATES the judgment entered November 29, 2006 (DE #27), DIRECTS the clerk of court to schedule and notice a re-sentencing hearing for **Wednesday, November 14, 2012, at 12:00 noon,** at the United States Courthouse in New Bern, North Carolina, and DIRECTS the United States Probation Office to investigate, prepare, and publish to the appropriate parties a recalculation of petitioner's corrected advisory guideline range. The government will ensure petitioner's timely writ, transportation and housing for the re-sentencing hearing.

SO ORDERED, this the 29th day of October, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

2